## Case No. 4,230.

DYSON v. GAMBRILL et al.

[3 App. Com'r Pat. 472.]

Circuit Court, District of Columbia. July 9, 1861.

DUNLOP, Chief Judge. When this case was before me, in September, 1860, on the ex parte application of Mr. Dyson for the reissue of his patent of the 20th February, 1849, so as to embrace in the reissue the differential motion of the stripper to his carding machine [see Ex parte Dyson, Case No. 4,228] I said in my opinion of the 21st September, 1860, at page six of the printed copy: "It is said the office may be deceived, and made the innocent instrument of deception by granting patents for the like invention to subsequent claimants. When this is so, the office, has only to declare one interference, and the truth can be brought out. At all events, the subsequent patentee can then bring his adversary face to face, and cross-examine his witness, and offer evidence on his own part," &c. And again, at page ten of the same printed opinion, I say: "If there be no claimant, or subsequent unexpired patent, for the same invention claimed on this reissue by Mr. Dyson, then I think Jeptha Dyson, the appellant, is entitled, on the proof, to his reissue as claimed by him; but, if there be such claimant, or subsequent unexpired patent, then I think an interference ought to be declared, and the parties litigant, heard on proof before the office." After the return of my opinion and judgment of the 21st September, 1860, to the office, it seems an interference was declared between Mr. Dyson, on his reissue claim and the unexpired patent of Gambrill and Burgee of the 27th February, 1855, and reissued November 17th, 1857. The principle of the improvement embraced in these interfering claims is doubtless the same, and the office, conforming to my decision, rightly declared the interference.

The four witnesses on whose ex parte evidence I relied in my opinion of the 21st September last on Dyson's ex parte application for reissue have not been examined on the present interference. Gambrill and Burgee have had no opportunity to cross-examine them,—a right asserted by me in my former opinion, at page six, to belong to them. This evidence therefore is not in the present interference, and cannot be looked at or regarded by me now, and is so admitted by

Judge Mason in his argument for Dyson. The evidence in this present interference. giving to it its most favorable aspect for Dyson, does not show Mr. Dyson to be the inventor of the improvement in controversy at a period earlier than the year 1851. Mr. Dyson fails, therefore, on this interference, to show himself entitled to the reissue patent claimed by him. Nothing is more certain than that you can only embrace in a reissue what was invented before or at the time of the grant of the original patent, what was invented and omitted to be put in the original by accident or mistake, and without any fraudulent or deceptive intention, and only such invention is by law the subject of a reissue. It is urged, however, that the sole issue between the parties to this interference, and now before me, is who of the two parties was the first inventor. That is not so. There is no difference, so far as I can see, between this and any other interference. Gambrill & Burgee were no parties to the former proceeding. and had no opportunity to be heard, and my former decision reserved all their rights. In the case of Loveridge v. Dutcher [Case No. 8,553], decided by me the 24th May, 1861, I considered this question, whether priority of invention was the sole issue in interference cases; and I held it was not. I said: "My authority is to determine which or whether either of the applicants is entitled to a patent as prayed for;" and again: "My duty therefore is to inquire into all the facts and circumstances given in evidence which go to invalidate Dutcher's claim."

So in this case my duty is to inquire into all the circumstances, which invalidate Mr. Dyson's claim to the reissue asked for by him. It is not sufficient for Mr. Dyson to prove that he invented the improvement before Gambrill and Burgee. To get his reissue, he must prove the invention to have been made by him before the date of his original patent, the 20th February, 1849. I must therefore overrule the appellant's 2nd and 5th reasons of appeal, and I do, this 9th day of July, 1861, affirm the decision of the commissioner of patents of date 19th March. 1861, refusing Mr. Dyson a reissue patent, as claimed, for the reasons above stated by me. I return herewith all the papers, models. and drawings with this, my opinion and judgment, this 9th day July, 1861.